IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IOWA MIGRANT MOVEMENT FOR JUSTICE, JANE DOE, ELIZABETH ROE,<br><br>*Plaintiffs*,<br><br>v.<br><br>ATTORNEY GENERAL OF IOWA BRENNA BIRD, in her official capacity, POLK COUNTY ATTORNEY KIMBERLY GRAHAM, in her official capacity, CLAYTON COUNTY ATTORNEY ZACH HERRMANN, in his official capacity,<br><br>*Defendants*. | Case No. 4:24-cv-161 |

**STIPULATION AND JOINT MOTION OF PLAINTIFFS AND DEFENDANT COUNTY ATTORNEYS FOR STAY**

All Plaintiffs in this action and Defendants Zach Herrmann, Clayton County Attorney, and Kimberly Graham, Polk County Attorney, in their official capacities as the County Attorneys of their respective counties of the State of Iowa, and on behalf of themselves, their offices, their successors in office, and all personnel acting on behalf of their respective offices ("Defendant County Attorneys") (together, the "Stipulating Parties") stipulate and jointly move for a stay of all deadlines for the Defendant County Attorneys, subject to the conditions set forth below. The other Defendant in this action—Attorney General Brenna Bird—does not oppose this Stipulation and Joint Motion for a Stay.

A district court has discretion whether to stay proceedings before it. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Huggins v. FedEx Ground Package Sys.*, 592 F.3d 853, 856 (8th Cir. 2010) ("District courts have broad discretion to manage their dockets and address particular

- 1 -

circumstances by enforcing local rules and by setting enforceable time limits."); *Walsh Construction Co., II, LLC, v. Peerless Specialty Flooring, LLC*, 2017 WL 7693380, *2 (S.D. Iowa Aug. 14, 2017) (unreported) (determining court had discretion to excuse violations of its own procedural deadline). The district court's power to grant a stay of proceedings before it is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936).

In considering a motion to stay, the court weighs "factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties." *See Doe v. Univ. of Nebraska*, 2020 WL 5057767, *1 (D. Neb. Aug. 7, 2020). Here, a stay is reasonable and supported by good cause because it will simplify the issues in question, reduce the burden of litigation for all parties, and will not burden the other defendant.

In light of the foregoing, the Stipulating Parties enter into the following stipulations and agreements, and make the following joint motion:

1. The Stipulating Parties hereby jointly move to stay all deadlines for the Defendant County Attorneys in this case, subject to the conditions herein. If such a stay is entered, Plaintiffs will not seek to lift the stay over the Defendant County Attorneys' objection, absent good cause.

2. The stay of all deadlines for the Defendant County Attorneys set forth in Paragraph 1 will be conditioned upon, and subject to the agreement of, each Stipulating Party as follows:

    a. Each Defendant County Attorney, in their official capacity, agrees (on behalf of themselves, their offices, their successors in office, and all personnel acting on behalf of their respective offices) to the following:

    i. To comply with and be bound by the terms of any injunction, preliminary or permanent, that may be entered in this matter against Defendant Brenna Bird, in her official capacity as Attorney General of the State of Iowa ("State Defendant"). An injunction or declaratory judgment entered against the State Defendant shall be binding upon the Defendant County Attorneys to the same extent as against any State Defendant.

    ii. Not to enforce (or seek to enforce) an enjoined provision of Senate File 2340 ("SF 2340")[1] in a manner that violates said injunction during the time such an injunction is in place, or against conduct that was protected by such an injunction at the time that conduct occurred, even if such injunction was later vacated; and

    iii. That any judgment in this action declaring SF 2340 unconstitutional will be binding on themselves, their respective offices, successors in office, and all personnel acting on behalf of their respective offices, to the same degree it is binding on the State Defendant.

  b. In the event that the State Defendant prevails on any claim on the merits—including dismissal for failure to state a claim or summary judgment on the merits—the Plaintiffs agree to be bound by that judgment with respect to the Defendant County Attorneys to the same degree they are bound with respect to any State Defendant.

---

[1] 2024 Iowa Acts ch. __ (to be codified at Iowa Code ch. 718C (2024)).

3.    The Stipulating Parties agree that, upon Court approval of this agreement and joint motion, the Court may enforce this agreement as necessary and appropriate in the adjudication of this matter and in the enforcement of its orders or judgment entered in this matter.

4.    The Stipulating Parties agree not to seek costs or fees against the other.

5.    Consistent Local Rule 7(j), the Stipulating Parties provide the following information to the court:

    a. This motion seeks to stay all deadlines and proceedings applicable to Defendant County Attorneys indefinitely;

    b. No new date or deadline is requested at this time;

    c. These deadlines have not been continued or extended previously;

    d. The only existing court-ordered deadlines in this matter are:

        i. Any response to Plaintiffs' motion for a preliminary injunction, set for May 24, 2024 for County Attorney Defendants and May 31, 2024 for State Defendant;

        ii. Any response to Plaintiffs' motion to proceed under pseudonym, set for May 24, 2024; and

        iii. Notice of dismissal for lack of service, set for August 7, 2024;

    e. A hearing has been scheduled for June 10, 2024 on Plaintiffs' motion for a preliminary injunction;

    f. No final pretrial conference or trial date is scheduled yet.

6.    Consistent with Local Rule 7(k), counsel for Plaintiffs have conferred with counsel for the County Attorney Defendants. Plaintiffs and the County Attorney Defendants bring this

motion jointly. In addition, counsel for Plaintiffs conferred with counsel for State Defendant, who does not oppose this motion.

Dated: May 15, 2024

Respectfully submitted,

/s/Rita Bettis Austen
Rita Bettis Austen, AT0011558
Shefali Aurora, AT0012874
Thomas Story, AT0013130
ACLU of Iowa Foundation Inc.
505 Fifth Avenue, Ste. 808
Des Moines, IA 50309-2317
Phone: (515) 243-3988
Fax: (515) 243-8506
rita.bettis@aclu-ia.org
shefali.aurora@aclu-ia.org
Tomas.story@aclu-ia.org

/s/ Emma Winger
Emma Winger*
Katherine Melloy Goettel*
Michelle Lapointe*
Suchita Mathur*
Gianna Borroto**
AMERICAN IMMIGRATION COUNCIL
1331 G St. NW, Suite 200
Washington, DC 20005
Phone: (202) 507-7512
ewinger@immcouncil.org;
kgoettel@immcouncil.org
mlapointe@immcouncil.org
smathur@immcouncil.org
gborroto@immcouncil.org

Spencer Amdur**
Cody Wofsy**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770

- 5 -

F: (415) 395-0950
samdur@aclu.org
cwofsy@aclu.org

Anand Balakrishnan**
Wafa Junaid**
Noor Zafar**
Omar Jadwat**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
abalakrishnan@aclu.org
wjunaid@aclu.org
nzafar@aclu.org
ojadwat@aclu.org

*For Plaintiffs Iowa Migrant Movement for Justice, Jane Doe, Elizabeth Roe*


\* Admitted *pro hac vice*
\*\* *Pro hac vice* application forthcoming


/s/Zach Herrmann
Zach Herrmann,
Clayton County Attorney


/s/ Meghan Gavin
Meghan Gavin  AT0008949
Assistant Polk County Attorney
111 Court Avenue, Ste. 340
Des Moines, IA 50309
Telephone:  515-286-3341
Fax:  515-286-3314
meghan.gavin@polkcountyiowa.gov
Attorney for Kimberly Graham,
Polk County Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

Defendant Clayton County Attorney Zach Herrmann will be served with the foregoing paper and exhibits. All other participants in this case are registered CM/ECF users and will served by the CM/ECF system.

Date: May 15, 2024

                                                        /s/ Emma Winger
                                                        Emma Winger
                                                        American Immigration Council
                                                        1331 G St. NW, Suite 200
                                                        Washington, DC 20005
                                                        Phone: (202) 507-7512
                                                        ewinger@immcouncil.org