UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| IOWA MIGRANT MOVEMENT FOR JUSTICE, JANE DOE and ELIZABETH ROE, | * * * * | CIVIL NO. 4:24-cv-00161-SHL-SBJ |
| Plaintiffs, | * * | |
| v. | * * | |
| ATTORNEY GENERAL OF IOWA BRENNA BIRD, in her official capacity; POLK COUNTY ATTORNEY KIMBERLY GRAHAM, in her official capacity; and CLAYTON COUNTY ATTORNEY ZACH HERRMANN, in his official capacity, | * * * * * * * * | ORDER |
| Defendants. | * * | |

On May 9, 2024, plaintiffs Iowa Migrant Movement for Justice, Jane Doe and Elizabeth Roe filed a Complaint for Declaratory and Injunctive Relief (Dkt. 1) challenging Iowa Senate File 2340 which, in their words, "attempts to displace federal immigration law and set up an independent state immigration scheme." *Id.* ¶ 1. Plaintiffs contend "S.F. 2340 is patently illegal" and violates the Supremacy Clause and Commerce Clause of the United States Constitution *Id.* ¶¶ 7, 79-82, 84-85. They request that the Court preliminarily and permanently enjoin defendants from enforcing S.F. 2340. *Id.* p. 21. Plaintiffs filed a Motion for Preliminary Injunction (Dkt. 9) on May 10, 2024.

On the same date, plaintiffs Jane Doe and Elizabeth Roe filed a Motion to Proceed Under Pseudonym (Dkt. 19) which is now under consideration by the Court. Doe and Roe are two members of the Iowa Migrant Movement for Justice. Dkt. 1 ¶ 15. They request permission to proceed in this action utilizing the pseudonyms Jane Doe and Elizabeth Roe. Dkt. 19 pp. 3-4. A

supporting brief was submitted along with personal declarations by Doe and Roe. Dkt. 19-1, 19-2, 19-3. Pursuant to the requirements of Local Rule 7(k), it is indicated defendants County Attorney Kimberly Graham and County Attorney Zach Herrmann consent to the Motion. Dkt. 19 ¶ 6. Defendant Attorney General Brenna Bird does not consent to the Motion. *Id.* Subsequently, defendant Brenna Bird filed a Resistance (Dkt. 32) to the motion. Plaintiffs Doe and Roe filed a Reply (Dkt. 35).

After reviewing the parties' submissions, and given the infancy, nature and present posture of this litigation, the Court will allow Jane Doe and Elizabeth Roe to continue to utilize pseudonyms in pleadings and other filings on the docket subject to further consideration and order of the Court.

It is well-established that "a common-law right of access to judicial records" applies in civil proceedings. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)); *see also, e.g.*, *United States v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023) ("There is a common law presumption of public access to judicial records."); *United States v. Garner*, 39 F.4th 1023, 1024 (8th Cir. 2022) ("Court proceedings are presumptively public."); *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) ("[T]here is 'a common-law right of access to judicial records.'") (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) (quoting *Nixon*, 435 U.S. at 597)). In line with this right of public access, Federal Rule of Civil Procedure 10(a) provides the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). There is no rule specifically governing the use of pseudonyms.

However, courts have allowed plaintiffs to use pseudonyms under certain circumstances, including within the Southern District of Iowa. *See, e.g.*, *Doe v. Grinnell College.*, 2017 WL 11646145 (S.D. Iowa July 10, 2017). Courts have also denied the use of pseudonyms for plaintiffs

under certain circumstances, including within the Southern District of Iowa. *See, e.g.*, *Doe v. Drake University*, 2017 WL 11404865, (S.D. Iowa June 13, 2017). As noted, "[t]here is no Eighth Circuit or Supreme Court authority setting forth a test to determine whether a plaintiff should be permitted to proceed anonymously" but "[s]everal other circuits have analyzed this issue." *Grinnell College*, 2017 WL 11646145, at *2.

In general, courts have determined that to proceed under pseudonyms, plaintiffs must demonstrate they have "'a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.''" *Id.* (quoted citations omitted). Courts have identified and considered multiple factors in balancing a plaintiff's privacy interests, the prejudice to the defendant, and the public interest to determine whether a plaintiff should be allowed to proceed under a pseudonym. *Id.* Here, the parties have cited to several cases wherein courts consider various factors both in support and against a plaintiff utilizing a pseudonym.

Jane Doe and Elizabeth Roe contend "[t]he relevant factors and the unique circumstances of this case support [their] request to proceed under pseudonyms." Dkt. 19-1 pp. 3-10. In summary, they maintain:

> Pseudonymous Plaintiffs' anonymity has been preserved, they have substantial bases upon which to fear or seek to avoid disclosure, the public has an interest in maintaining the confidentiality of their identities, there is an atypically weak public interest in knowing their identities due to the legal nature of the issues presented, and there is an undesirable adverse outcome to the Pseudonymous Plaintiffs who would be discouraged from pursuing their claims if required to be identified.

*Id.* p. 3. In particular, Doe and Roe emphasize they "rightfully fear that if their identities were disclosed, the State of Iowa will prosecute them under the new law" even though they are lawful permanent residents of the United States. *Id.* p. 5. They "also fear harassment and intimidation if their identities were published, particularly in the current political climate, given the extreme anti-

immigrant feelings it has engendered." *Id.* pp. 6-7.

In that regard, for reasons set forth in a fairly detailed sworn declaration, Jane Doe states: "I am terrified that I could be prosecuted under the law and removed to Mexico. . . . I also fear that people might threaten or harass me if my name becomes public." Dkt. 19-2 ¶¶ 17, 21. Similarly, for reasons again set forth in a fairly detailed sworn declaration, Elizabeth Roe states: "I would not like my name to be public because I am afraid of the consequences of my name coming out as part of the case. I am scared others may harass me or do something worse if my name is publicized." Dkt. 19-3 ¶ 16.

In addition, Doe and Roe contend "[t]here is comparatively little, if any, harm to Defendants by allowing [them] to proceed anonymously," noting "this is a suit against the government, which is typical of other cases in which anonymity has been allowed." Dkt. 19-1 p. 8. And from their perspective, disclosure of their identities "is unnecessary to resolve this case, particularly at this early stage of the litigation." *Id.* pp. 8-9. They further suggest the public's interest in knowing their "identities is atypically weak" because "the expected public interest in this case is not in [their] identities, but in the purely legal claims they assert." *Id.* pp. 9-10.

As noted, defendants County Attorney Kimberly Graham and County Attorney Zach Herrmann consent to the Motion. Dkt. 19 ¶ 6. But Attorney General Brenna Bird resists. Dkt. 32. In doing so, the Attorney General notes that "[c]ourts allow plaintiffs to proceed anonymously only under limited, extraordinary circumstances, typically when disclosing a plaintiff's identity would reveal information of the utmost intimacy." *Id.* p. 1. It is suggested "[a] suit revealing a plaintiff's final federal determination of their lawful immigration status is not such a circumstance." *Id.* The Attorney General contends "Doe and Roe do not risk disclosure of information of the sort that requires proceeding pseudonymously[:] . . . Their suit will not disclose details of the utmost intimacy. And they face no uncertainty in their immigration status because

they are lawful permanent residents." *Id.* p. 3.

Specifically in response to plaintiffs' assertions, the Attorney General maintains "Doe and Roe are not subject to prosecution under SF 2340, so telling the State who they are cannot harm them." *Id.* pp. 4-5. The Attorney General challenges the fear of harassment expressed by Doe and Roe as insufficient to allow the utilization of pseudonyms because "they fail to provide particularized evidence demonstrating that [they] would be subjected to violence if their identities were exposed." *Id.* p. 5 (internal quotation marks and citation omitted). From the Attorney General's perspective, "their complaints are generalized grievances that someone might view illegal aliens unfavorably, assume they are illegal aliens, then harass them." *Id.* It is asserted "there must be an exceptional and compelling reason to believe these plaintiffs face actual, imminent violence." *Id.* The Attorney General insists the motion to proceed under a pseudonym should be denied. *Id.* p. 10.

From the Court's view, the parties' arguments as to plaintiffs' utilization of pseudonyms significantly intertwine with key substantive issues raised within the Complaint for Declaratory and Injunctive Relief (Dkt. 1) and pending Motion for Preliminary Injunction (Dkt. 9). The later motion has been resisted by the Attorney General (Dkt. 36) and is set for hearing before United States District Judge Stephen H. Locher on June 10, 2024, in consolidation with a similar motion in *United States of America v. State of Iowa, et al.*, Case No. 4:24-cv-00162-SHL-SBJ. *See* Dkt. 20. As such, it would be premature and improper for this Magistrate Judge to make any definitive determination as to substantive issues related to Iowa Senate File 2340, especially as to the parties' dispute as to its potential application to or impact on Jane Doe and Elizabeth Roe, under the present procedural motion with a limited evidentiary record.

However, the Court is satisfied that, under the particular posture and circumstances of this case known to the Court at this time, there is sufficient reason to allow Jane Doe and Elizabeth

Roe to continue to utilize pseudonyms in pleadings and other filings on the docket during the initial stage of the litigation. Whether plaintiffs may be permitted to continue to utilize pseudonyms or otherwise proceed anonymously as the case progresses to discovery, submission of dispositive motions and trial is subject to further consideration by the Court. And in particular, this order does not foreclose in any manner Judge Locher's consideration and determination as to the disclosure of plaintiffs' identities as to any matters before Judge Locher including the pending Motion for Preliminary Injunction set for hearing.

For those reasons, and again given the infancy, nature and present posture of this litigation, the Motion to Proceed Under Pseudonym (Dkt. 19) is granted in part to the extent Jane Doe and Elizabeth Roe are allowed to continue to utilize pseudonyms in pleadings and other filings on the docket subject to further consideration and order of the Court.

**IT IS SO ORDERED.**

Dated June 6, 2024.

_____
Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge